**INSURANCE COMPANY OF NORTH AMERICA, Plaintiff-Appellant,**

v.

**Dr. Luis C. PRIETO, Defendant-Appellee.**

**No. 20799.**

United States Court of Appeals, Sixth Circuit.

May 4, 1971.

---

Newton P. Allen and T. Frank Jackson, III, Memphis, Tenn., for appellant; Armstrong, Allen, Braden, Goodman, McBride & Prewitt, Emmett W. Braden, Memphis, Tenn., on brief.

Robert M. Johnson, Memphis, Tenn., for appellee; Cooper Turner, Memphis, Tenn., on brief; Canada, Russell & Turner, Memphis, Tenn., of counsel.

Before PHILLIPS, Chief Judge, PECK, Circuit Judge, and McALLISTER, Senior Circuit Judge.

PER CURIAM.

Larry Gault, not a party to this case, recovered a judgment of $162,500 against a hospital for personal injuries suffered by him while he was a patient therein. The judgment was affirmed by this Court. Gault v. Poor Sisters of St. Frances Seraph of Perp. Ador., 375 F.2d 539. Having satisfied the judgment, plaintiff-appellant, the insurer of the hospital, brought this action seeking indemnity from Dr. Luis C. Prieto, the director of the hospital's pathology department, wherein the accident occurred. The District Court, sitting without a jury, entered a judgment dismissing the action; and the insurer appeals.

In our determination on appeal, it appears that the immediate cause of Gault's injury was the introduction into his system of sodium hydroxide instead of sodium chloride by a technician who used the wrong bottle. Sodium hydroxide and sodium chloride were clearly marked by labels, but were in identical bottles, placed side by side on the same shelf. Plaintiff-appellant contends that Dr. Prieto was an independent contractor rather than an employee of the hospital; that he himself was negligent in permitting a lax manner of storage of a poison; and that the technician was an employee of Dr. Prieto, rather than of the hospital.

Judge Bailey Brown, in a carefully written Memorandum, resolved all of these issues adversely to appellant. In his Memorandum, Judge Brown, in answer to the contentions of appellant that Dr. Prieto was an independent contractor, and the technician was his loaned employee, even if she was generally the employee of the hospital, stated that assuming "for the moment that Dr. Prieto was an independent contractor," nevertheless, the technician in her work in the hospital's department of pathology and clinical laboratories, was still doing the work of the hospital, her general employer, rather than as the loaned employee of Dr. Prieto.

However, Judge Brown went on to state in his Memorandum: "An addi-

tional reason why we could not find [the technician] to have been a loaned employee is that Dr. Prieto was not an independent contractor but rather was also an employee of the Hospital."

Considering Judge Brown's finding that Dr. Prieto was an employee of the hospital, and it being unnecessary to pass on the issue whether he was an independent contractor, the judgment is affirmed on Judge Brown's opinion, based on Dr. Prieto's status as an employee.